Cory MINER and Sherie Miner

v.

Abida BEGUM, Rafat Begum,
and Bill Fincher.

No. CIV.A. G–98–258.

United States District Court,
S.D. Texas,
Galveston Division.

June 24, 1998.

John F. Nichols, Houston, TX, for Plaintiffs.

James Buckner Doyle, Lake Charles, LA, for Defendants.

## ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

Plaintiffs originally filed this declaratory judgment action in the 306th Judicial District Court of Galveston County, Texas on May 11, 1998. Defendants removed the action to this Court on May 21, 1998, alleging federal subject matter jurisdiction pursuant to 28 U.S.C. § 1350, the Alien Tort Statute. Now before the Court is Plaintiffs' Motion to Remand, filed May 27, 1998.[1] Because the Court finds that the Alien Tort Statute does not provide federal jurisdiction in this case, the Motion to Remand is GRANTED, and this case is hereby REMANDED to the 306th Judicial District Court of Galveston County for further proceedings.

On December 9, 1985, Plaintiffs adopted a minor child, Ashra Sarah Miner, pursuant to a "Decree Terminating Parental Rights and Granting Adoption" entered by the 313th Judicial District Court of Harris County. Plaintiffs now seek declaratory judgment involving the interpretation of that decree and the legality of the adoption, amidst accusations by the Defendants that the adoption is invalid because it was procured by fraud.

▮ Defendants' Notice of Removal argues that the Court possesses original jurisdiction pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, which provides: "The district courts shall have original jurisdiction of any

---

1. Plaintiffs also filed a Motion to Expedite, which is DENIED as moot. The Court considered the recently filed Motion to Remand as quickly as possible. Because the issues are time-sensitive, however, the Court now rules on the Motion despite the fact that Defendants have not yet responded. Their Response would have been due on June 16.

civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." The Alien Tort Statute applies only to actions (1) by aliens, (2) alleging torts, (3) committed in violation of the law of nations. *Filartiga v. Pena–Irala,* 630 F.2d 876, 887 (2nd Cir.1980); *Jones v. Petty Ray Geophysical Geosource, Inc.,* 722 F.Supp. 343, 348 (S.D.Tex.1989). In cases where the plaintiff is not an alien, there can be no federal jurisdiction under the Alien Tort Statute. *See Tel–Oren v. Libyan Arab Republic,* 726 F.2d 774, 779 n. 4 (D.C.Cir. 1984) (Edwards, J., concurring); *Jones,* 722 F.Supp. at 348.

■ In this case, Plaintiffs are clearly not aliens. Both Plaintiffs, as well as the minor child, are citizens of the United States, and reside in Galveston, Texas. Defendants do not dispute these facts; nor, in fact, do they offer any Response at all to the Plaintiffs' Motion to Remand. The fact that Defendants are residents of India is irrelevant for jurisdictional purposes under the Alien Tort Act; moreover, one of the Defendants is not an alien, but lives in Houston, Texas. Therefore, the Court finds that 28 U.S.C. § 1350 is not applicable, and that federal jurisdiction does not exist in this case.

■■ Furthermore, the Court recognizes that this case involves sensitive issues involving the parent-child relationship. State courts possess the unique expertise required to determine such issues, and have a strong interest in their resolution. In such cases, even where federal jurisdiction does exist, federal courts may decline to exercise such jurisdiction. *See Franks v. Smith,* 717 F.2d 183, 185 (5th Cir.1983) ("[I]ssues of domestic relations are the province of state courts, going back to *Ex parte Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890)."); *Jagiella v. Jagiella,* 647 F.2d 561, 565 (5th Cir.1981) (affirming district court's decline of diversity jurisdiction over husband's claim relating to parent-child rela-

tionship). This case will undoubtedly "necessitate the court's involvement in domestic issues" and require inquiry into the parent-child relationship. *Jagiella,* 647 F.2d at 565.[2]

Accordingly, Plaintiffs' Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the 306th Judicial District Court of Galveston County for further proceedings. Plaintiffs' Motion to Expedite and Defendant Fincher's Motion to Transfer Venue are **DENIED** as moot. The parties are **ORDERED** to bear their own costs and attorney's fees. The parties are also **ORDERED** to file no further pleadings on this issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course.[3]

**IT IS SO ORDERED.**

---

**2.** While the Court genuinely sympathizes with the parties and is cognizant of the foreign Defendants' desire to have their claims heard in a fair and impartial tribunal, the state courts are uniquely equipped, and more qualified, to hear such disputes. Furthermore, concerns of impar-

tiality do not create federal jurisdiction where it is lacking.

**3.** "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...." 28 U.S.C. § 1447(d).